## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENISE MILES**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:16-cv-00297 |
| ) | |
| **AMSHER COLLECTION SERVICES, INC.**, ) | |
| ) | |
| <u>**Serve at:**</u> ) | **JURY TRIAL DEMANDED** |
| **Illinois Corporation Services Co.** ) | |
| **801 Stevenson Drive** ) | |
| **Springfield, Illinois 62703** ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff Denise Miles ("Plaintiff"), and for her Complaint against Amsher Collection Services, Inc. ("Defendant") states as follows:

### Introduction and Parties

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (the "FDCPA").

2. This Court has jurisdiction over this FDCPA claim under 15 U.S.C. § 1692k(d).

3. Plaintiff is an individual who at all times material to this Complaint resided in and still does reside in St. Clair County, State of Illinois. Venue is appropriate in this Court pursuant to 15 U.S.C. § 1692i(a)(2)(B) because Plaintiff resides in St. Clair County, Illinois.

4. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3), because she is allegedly obligated to pay a consumer debt.

5. Defendant is an Alabama corporation with its principal place of business in Hoover, Alabama.

6.      Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), because its principal business is the collection of debts, it uses interstate commerce or the mails to collect said debts, and it regularly collects or attempts to collect debts owed to other parties.

7.      At all times relevant hereto, Defendant conducted substantial and continuous business with and has had substantial and continuous contacts with the State of Illinois and the County of St. Clair. Defendant continues to conduct substantial and continuous business with and still has substantial and continuous contacts with the State of Illinois and the County of St. Clair.

**Facts**

8.      Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

9.      Plaintiff's alleged debt is comprised of phone bill deficiencies from an account with Defendant that originated with T-Mobile. This alleged debt, if proven valid, would have arisen out of a transaction entered into primarily for personal, family, or household purposes.

10.     On August 26, 2015, Plaintiff pulled her credit report, she found Defendant on her credit report, and she decided to call Defendant about this reporting.

11.     Because Plaintiff never received a validation notice from Defendant, this phone conversation was the parties' first communication, and Plaintiff's 30-day dispute and verification rights began that day.

12.     Plaintiff stated that Defendant was on her credit report, and she would like to discuss it with Defendant. Plaintiff asked Defendant, "Can I dispute you off of my credit report?"

13.     Defendant's agent replied, "No, ma'am, you can't because you do owe them for the equipment."

14. Defendant mislead Plaintiff when he stated that Defendant could not come off of her credit report. He was implying that Plaintiff must pay Defendant for Defendant to come off of Plaintiff's credit report.

15. Two material lies were made in this statement: (1) first of all, payment would not remove the negative tradelines from Plaintiff's credit report; (2) second, the negative tradeline would have come off of Plaintiff's credit report by operation of law in seven years from the date of delinquency.

16. Furthermore, because Plaintiff's 30-day validation rights had not expired, all collection activity should have ceased until written validation was provided to Plaintiff because Plaintiff orally disputed the debt, which was sufficient for Plaintiff to exercise her dispute rights under Section 1692g.

17. Plaintiff explained that that she did not believe that she owed this balance. Defendant agent replied, "People don't just cut off your services if you pay the bill."

18. Plaintiff again attempted to dispute the balance. In response, Defendant's agent stated that this was "beyond any type of dispute because you do owe them."

19. Defendant's conduct caused Plaintiff to believe that she could not exercise her Section 1692g rights during the phone call.

20. Defendant's agent then further stated that settling the debt (versus paying it in full) would not only not hurt Plaintiff's credit score, but it would help her credit score "a lot" if she settles the debt.

21. This was a material lie. Settling a debt actually harms a consumer's credit score.

22. Finally, Defendant's agent stated that he was only going to keep his offer of settlement open until the end of the month. Defendant had this account for a year before this

phone call. When Defendant's agent stated this, he was lying to Plaintiff. Defendant's agent would have been able to provide the same settlement offer after August ended. He was simply attempting to mislead Plaintiff so that she would settle with him before the end of the month.

23. After the call, Defendant ignored Plaintiff's dispute rights even further by failing to provide a validation notice within five days of the dispute as required by the FDCPA, 15 U.S.C. § 1692a(1).

24. This whole ordeal has caused Plaintiff garden variety emotional distress in the form of frustration and anxiety, among other forms of garden variety emotional distress.

25. As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the legal rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and/or to deter it and others from such blatant violation of federal law in the future.

### Defendant's Violation of the FDCPA

26. Plaintiff realleges and incorporates by reference all of the previous paragraphs.

27. A single action on the part of a debt collector can violate multiple sections of the FDCPA.

28. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, including, but not limited to the following:

   a. Overshadowing Plaintiff's dispute, validation, and verification rights in violation of 15 U.S.C. § 1692g;

   b. Failing to provide a validation notice within five days of the dispute as required by 15 U.S.C. § 1692a(1);

    c. Using false, deceptive, or misleading representations or means in connection with the collection of the alleged debt in violation of 15 U.S.C § 1692e; and

    d. Employing unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

### Demand for Judgment

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Statutory damages, costs, litigation expenses and attorney's fees as permitted by the FDCPA, 15 U.S.C. § 1692k;

C. Release of the alleged debt;

D. Actual damages, including damages for garden variety emotional distress;

E. An award of punitive damages against Defendant; and

F. For such other relief as the Court may deem just and proper.

### Demand for Jury Trial

Plaintiff requests a trial by jury, in the United States District Court for the Southern District of Illinois for all forms of relief requested in this Complaint so triable.

Respectfully submitted,

**DONNER APPLEWHITE, ATTORNEYS AT LAW**

By: */s/ Thomas R. Applewhite*
Thomas R. Applewhite, #6310947
1108 Olive Street, Suite 200
St. Louis, Missouri 63101
Phone: (314) 240-5351
Facsimile: (888) 785-4461
Email: tom.applewhite@da-lawfirm.com

*Attorneys for Plaintiff*